IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) No. 08-50074-001 |
| ROBERT WILLIAM MOORE | ) |

## PLEA AGREEMENT

Pursuant to Rule 11 (a)(2) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement of the defendant to enter a plea of guilty to the Information. The agreement of the parties is as follows:

### COUNT OF CONVICTION AND DISMISSAL OF INDICTMENT

1.  The defendant, **ROBERT WILLIAM MOORE**, agrees to waive Indictment by the grand jury and consents to be charged by Information with a violation of Title 18, United States Code, Section 2423(b) and (e), travel in interstate commerce with intent to engage in illicit sexual conduct with a person under age 18, and attempting to do so. The Defendant has admitted his crime and has indicated his desire to plead guilty. In exchange for the Defendant's plea of guilty to the one-count Information, the government agrees to recommend Defendant receive an adjustment for acceptance of responsibility and will move for an additional one-point acceptance of responsibility if the offense level is 16 or greater. Finally, the government will move to dismiss the Indictment pending against Defendant in case number 5:08CR50074-001 after Defendant has plead guilty and is sentenced on the crime charged in the one-count Information.

## FACTUAL BASIS

2. Between August 1 and 6, 2008, Robert William Moore, the defendant, used a computer connected to the internet at the Rogers Public Library in Rogers, Arkansas, to communicate with whom he believed was a 13-year-old female. Detective Cory Roberts of the Fayetteville Police Department Special Investigations Unit was working undercover and posing on the internet as the 13-year-old female the defendant communicated with over the internet.

3. On August 1, which was the first conversation between the defendant and the 13-year-old persona of Detective Roberts, Detective Roberts told the defendant "she" was 13 years old and lived in Fayetteville. The defendant identified himself as a 35-year-old from Rogers. (The defendant was a resident of Washburn, Missouri, but was using a computer at the Rogers Public Library). Between August 1 and 6, the defendant initiated conversations with the 13-year-old about sexually explicit acts, including masturbation, oral sex and sexual intercourse. The defendant identified himself to the 13-year-old by giving specific personal information such as his name, "Billy Moore," his age (35 years old), and that he worked nights in a warehouse. He sent the 13-year-old a photograph of himself as well as three sexually explicit photographs of an erect penis. Along with the sexually explicit photographs of the male anatomy, the defendant asked the 13-year-old "would you want to use it?"

4. On August 4, 2008, the defendant initiated conversation about meeting the 13-year-old. On August 6, 2008, the defendant left his home in Washburn, Missouri, and traveled in interstate commerce to Fayetteville, Arkansas, in the Western District of Arkansas, to meet the 13-year-old for purposes of engaging in the sexual activities he had discussed during internet conversations the preceding days. The defendant was arrested by Detective Roberts on August 6 at the location in Fayetteville where the defendant had arranged to meet the 13-year-old. Defendant

was given his <u>Miranda</u> warning in writing by Detective Roberts. Defendant admitted to Detective Roberts he had communicated over the internet with the 13-year-old girl and had sent pictures of his penis to her. He admitted he had driven to Fayetteville to meet the teenage girl and he knew it was a "bad idea."

### ADVICE OF RIGHTS

5. The defendant hereby acknowledges that he has been advised of his constitutional and statutory rights. Further, the defendant agrees that he fully understands his right:

    a. to have an attorney and if he can not afford an attorney, to have one provided to him and paid for at government expense;

    b. to persist in his plea of not guilty;

    c. to have a speedy and public trial by jury;

    d. to be presumed innocent until proven guilty beyond a reasonable doubt;

    e. to confront and examine witnesses who testify against him;

    f. to call witnesses on his behalf;

    g. to choose to testify or not testify and that no one could force him to testify;

    h. to have at least 30 days to prepare for trial.

### WAIVER OF RIGHTS

6. The defendant hereby acknowledges that he understands with respect to the Information to which he enters a conditional plea of guilty, he thereby <u>WAIVES</u> all of the rights listed as (b) through (h) of paragraph 5. [initials]

3

## WAIVER OF ACCESS TO RECORDS

7. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

8. The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

9. By signing this agreement, the defendant acknowledges that he has been advised of his rights under Rule 11 (f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If the defendant should breach any provision of this plea agreement, then he hereby agrees that said breach operates as a WAIVER of his rights under Rule 11 (f) and Rule 410. Upon defendant's breach of any provision of this agreement, the government shall be allowed to use and to introduce into evidence any one or more of the following:

    a. admissions against interest, both oral and written, made by the defendant to any person;

    b. statements made by the defendant during his change of plea hearing;

    c. the factual basis used at the change of plea hearing;

    d. any testimony given under oath to a grand jury or a petit jury;

    e.    any and all physical evidence of any kind which the defendant has provided to the government; and,

    f.    any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

10.    If the defendant is found to be in breach of this plea agreement, it is further agreed that the government may reinstate dismissed charges, pursue additional charges and shall be released from any and all restrictions or obligations placed upon it under the terms of this agreement.

## MAXIMUM PENALTIES

11.    The defendant hereby acknowledges that he has been advised of the maximum penalties for the Information to which he is entering a plea of guilty. By entering a plea of guilty to the Information, the defendant agrees that he faces:

    a.    a maximum term of imprisonment of not more than 30 years;

    b.    a maximum fine of $250,000.00;

    c.    both imprisonment and fine;

    d.    a term of supervised release, **for not less than five years, or life,** which begins after release from prison;

    e.    a possibility of going back to prison if conditions of supervised release are violated;

    f.    a special assessment of $100.00.

### DEFENDANT'S ACKNOWLEDGMENT OF REQUIREMENT TO REGISTER AS A SEX OFFENDER

12.    I understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901, *et seq.*, I must register and keep the registration current in each of the following jurisdictions: Where I reside; where I am an employee; and where I am a student. I understand that the requirements for

registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information. I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status. I have been advised and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment or both.

## NO OTHER CHARGES

13. The government agrees that no other federal charges, which stem from the activities described in the ~~Indictment~~ *Information*, will be brought against the defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

14. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range of punishment.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

15. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court. Further, the defendant acknowledges that the actual range may be greater than

6

contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

16. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement.

## PERJURY

17. In the event that it is determined that the defendant has not been truthful with the court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

18. The government agrees not to object to a finding by the probation office or a ruling of the court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility so long as the defendant demonstrates conduct consistent with his acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater, and the Presentence Report awards two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points.

## GOVERNMENT'S RESERVATION OF RIGHTS

19. Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

    a.    make all facts known to the probation office and to the court;

    b.    call witnesses and introduce evidence in support of the Presentence Report;

    c.    contest and appeal any finding of fact or application of the Sentencing Guidelines;

    d.    contest and appeal any departure from the appropriate Guideline range;

    e.    defend the rulings of the District Court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations.

### AGREEMENT NOT BINDING ON THE COURT

20.    The parties agree that nothing in this agreement binds the District Court to:

    a.    make any specific finding of fact;

    b.    make any particular application of the Sentencing Guidelines;

    c.    hand down any specific sentence;

    d.    accept this plea agreement.

21.    The government and the defendant acknowledge that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

### AGREEMENT DOES NOT BIND ANY OTHER ENTITY

22.    The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

### SPECIAL ASSESSMENT

23.    The defendant agrees that he will pay $100.00 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT
## AND DEFENSE COUNSEL

24. The defendant and his attorney state hereby that neither one of them has been subjected to any threats or coercion which have induced the defendant to change his plea to guilty. Further, the defendant and his attorney acknowledge that the defendant's desire to change his plea to guilty is not the result of threats or coercion directed at anyone connected with them.

25. By signing this plea agreement, counsel for the defendant acknowledges that:

    a. he has read this plea agreement;

    b. he has given a copy of it to the defendant;

    c. he has explained the ramifications of the plea agreement to the defendant;

    d. he believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

26. The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this 17th day of November, 2008.

_____  
ROBERT WILLIAM MOORE  
Defendant

_____  
BRUCE EDDY  
Attorney for Defendant

ROBERT C. BALFE  
UNITED STATES ATTORNEY

By: _____  
KYRA E. JENNER  
Assistant U.S. Attorney

9